# Mobile & Girard Railroad Co. *v.* D. & S. Williams.

### *Action against Carrier for Failure to deliver Goods.*

*Invasion of province of jury; what charge is.* — In an action against a carrier for failure to deliver goods intrusted to it for delivery at a particular place, the testimony being conflicting as to whether the goods had ever been so received, and whether freight had been paid on them, a charge *ex mero motu* that "if the jury believed, from the evidence, that the carrier received freight on the goods in question, *that* was sufficient evidence that the defendant had the goods in possession at that time," is an invasion of the province of the jury, and necessarily erroneous.

APPEAL from Circuit Court of Pike.

Tried before Hon. J. McCALEB WILEY.

The point on which the case turns is sufficiently stated in the opinion.

NORMAN & WILSON, for appellant. — The charge given *ex mero motu* invaded the province of the jury. 2 Ala. 310; 48 Ala. 420; 28 Ala. 510.

W. D. WOOD, *contra.* — Under the facts of the case, and the decision in *Garrett's Adm'r* v. *Garrett*, 27 Ala. 687, the charge excepted to cannot be held an invasion of the province of the jury. If it is objected to as misleading, the appellant should have asked an explanatory charge. 42 Ala. 51; 36 Ala. 684.

JUDGE, J. — This was an action by the plaintiffs below to recover of the Mobile & Girard Railroad Company damages for the failure to deliver certain goods alleged to have been received by the defendant to be delivered to the plaintiffs at Troy, Alabama.

There was a controversy between the parties based upon the evidence, as to whether the goods had ever been received by the defendant for delivery at the proper place of destination, and also as to whether the defendant had ever received pay for their transportation.

The court, of its own motion, gave to the jury the following charge : "If the jury believe, from the evidence, that the defendant received pay on the freight for the goods in question, that was sufficient evidence that the defendant had the goods at that time in possession." This was a charge upon the sufficiency of the evidence, and clearly invaded the province of the jury.

The judgment is reversed and the cause remanded.